IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LLOYD CALVIN COOKSEY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>RANDALL G. WORKMAN, Warden, )<br>)<br>Respondent. ) | Case No. 02-CV-337-TCK-SAJ |

## ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-1998-3529. Respondent filed a response (Dkt. # 5) to the petition, and has provided the state court records (Dkt. #s 5 and 6) necessary for adjudication of Petitioner's claims. Petitioner filed a reply (Dkt. # 7) to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

On July 10, 1998, shortly after 7:00 p.m., nineteen year old Rhiannon Thoreson was abducted at knifepoint from a car wash in Tulsa, Oklahoma. She was handcuffed and forced onto the floor in the back seat of Petitioner's car. Petitioner drove her to a secluded wooded area and sexually assaulted her. During the assault, Petitioner forced the victim to perform oral sex several times, attempted sexual intercourse multiple times both vaginally and anally, performed oral sex on the victim, fondled her and slapped her. When Petitioner heard the sounds of a large truck approaching, he hastily drove away with Ms. Thoreson. While driving back to a more populated area, Petitioner's car broke down. Ms. Thoreson jumped from the car and flagged down a passing motorist. She was taken to a nearby gas station where she called police, and was later taken to the

hospital for a rape examination. Soon thereafter Petitioner's car was found abandoned and police were called to investigate. Clothing items later identified as belonging to both Petitioner and the victim were found in the abandoned car. Petitioner was arrested at his home the same evening. He was taken to the hospital where the victim identified him as her assailant.

As a result of these events, Petitioner was charged in Tulsa County District Court, Case No. CF-1998-3529, with fifteen counts: Kidnaping (Count 1); Forcible Sodomy (Count 2); Forcible Sodomy (Count 3); Rape by Instrumentation (Count 4); Attempted Rape (Count 5); Assault and Battery (Count 6); Attempted Anal Rape (Count 7); Rape by Instrumentation (Count 8); First Degree Rape (Count 9); Forcible Sodomy (Count 10); Forcible Oral Sodomy (Count 11); Forcible Oral Sodomy (Count 12); Forcible Oral Sodomy (Count 13); Forcible Oral Sodomy (Count 14); and Sexual Battery (Count 15), all after former conviction of two or more felonies. At the conclusion of a jury trial, Petitioner was found guilty as charged. On September 29, 1999, the trial court sentenced Petitioner in accordance with the jury's recommendation to: (1) 500 years and a $10,000 fine on Count 1; (2) 400 years and a $10,000 fine on each of Counts 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, and 15; and (3) 90 days in the county jail on Count 6. The trial court ordered that all sentences be served consecutively.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, he identified six (6) propositions of error as follows:

Proposition 1: The evidence was insufficient to sustain Cooksey's convictions.

Proposition 2: The eyewitness identification of Cooksey was unduly prejudicial and was unconstitutional.

Proposition 3: Cooksey was subjected to multiple punishments for one continuing offense in violation of the double jeopardy clause of federal and state constitutions.

> Proposition 4: Cooksey was denied a fair trial because of the prosecutor's improper remarks.
>
> Proposition 5: Modification of Cooksey's sentences is an appropriate remedy due to trial error.
>
> Proposition 6: The trial errors complained of herein cumulatively denied Cooksey's right to a fair trial under the United States and Oklahoma Constitution and therefore, his convictions and sentences must be reversed.

(Dkt. # 5, Ex. A). In an unpublished summary opinion, filed April 11, 2001, in Case No. F-99-1325, the OCCA denied each of Petitioner's claims and affirmed the Judgment and Sentence of the trial court. See Dkt. # 5, Ex. C.

Petitioner also filed an application for post conviction relief in the state district court. By Order filed on September 5, 2001, the district court denied relief on the following claims:

> Proposition 1: Petitioner's trial attorney was ineffective for failing to present the testimony of Lonnie Shackleford who gave a statement to the police describing the assailant as someone other than the petitioner.
>
> Proposition 2: Evidence taken into custody by the police was tampered with and/or altered.

See Dkt. # 5, Ex. D. Petitioner filed a post-conviction appeal in the Oklahoma Court of Criminal Appeals (Dkt. # 5, Ex. E). By order filed January 8, 2002 (Dkt. # 5, Ex. F), the OCCA affirmed the district court's denial of post-conviction relief.

On April 29, 2002, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition Petitioner seeks habeas corpus relief on the following grounds:

> Proposition 1: Cooksey was denied a fair trial because of the Prosecutor's improper remarks.
>
> Proposition 2: The eyewitness identification of Cooksey was unduly prejudicial and was unconstitutional.
>
> Proposition 3: Cooksey was subjected to multiple punishment for one continuing offense in violation of the double jeopardy clause of Federal and State Constitutions.

3

      Proposition 4: Evidence was tainted because chain of custody was violated.

      Proposition 5: Ineffective assistance of counsel (trial and appellate).

(Dkt. # 1). Respondent contends that the issues raised by Petitioner are either procedurally barred or without merit. See Dkt. # 5.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.  In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B. Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v.

Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated claims 1, 2 and 3 on direct appeal. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding, those claims shall be reviewed pursuant to § 2254(d).

### *1. Prosecutorial misconduct (ground 1)*

As his first proposition of error, Petitioner complains that prosecutorial misconduct deprived him of due process of law and resulted in an unfair trial. See Dkt. # 1. Specifically, Petitioner complains that the prosecutor made an improper reference during closing argument to Petitioner's constitutional right to remain silent when he stated to the jury, "You've heard no testimony from any witness take this witness stand and testify that the defendant was at any other place, no witness subpoenaed by the State or the defense." See Dkt. # 1 at 5 and Dkt. # 6, Vol. IV at 190. The trial court sustained the objection of Petitioner's trial counsel and admonished the jury to disregard the comment. (Dkt. # 6, Vol. IV at 190). On direct appeal, the OCCA rejected Petitioner's claim of prosecutorial misconduct. Relying on Bland v. State, 4 P.3d 710, 730 (Okla. Crim. App. 2000), the OCCA found that the trial court's admonishment cured any error caused by the prosecutor's comment. (Dkt. # 5, Ex. C at 3).

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir.1998). Inquiry into the fundamental fairness of a trial requires examination of the entire

proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999). Furthermore, it is improper for a prosecutor to comment on a defendant's decision to refrain from testifying at trial. See Griffin v. California, 380 U.S. 609, 615 (1965); Battenfield v. Gibson, 236 F.3d 1215, 1225 (10th Cir. 2001). If a prosecutor's remarks "'concern matters that could have been explained only by the accused, . . . [they] give rise to an innuendo that the matters were not explained because [petitioner] did not testify' and, thus, amount to indirect comment on the defendant's failure to testify." Pickens v. Gibson, 206 F.3d 988, 999 (10th Cir. 2000) (quoting United States v. Barton, 731 F.2d 669, 674 (10th Cir. 1984)). "A prosecutor, however, 'is otherwise free to comment on a defendant's failure to call certain witnesses or present certain testimony.'" Id. (quoting Trice v. Ward, 196 F.3d 1151, 1167 (10th Cir. 1999)). The question is "'whether the language used [by the prosecutor] was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the defendant's right to remain silent.'" Id. at 998 (quoting United States v. Toro-Pelaez, 107 F.3d 819, 826-27 (10th Cir. 1997)). "Error in permitting the prosecutor to comment upon petitioner's right to silence is subject to a harmless error analysis." Id. (citing Brecht v. Abrahamson, 507 U.S. 619, 628-29 (1993)).

After reviewing the entire trial transcript, this Court finds that the OCCA's rejection of this claim was not an unreasonable application of constitutional law. The prosecutor's remarks made during closing argument were not of such character that the jury would naturally and necessarily take them as comments on Petitioner's right to remain silent. Furthermore, although the OCCA did

not cite federal law in its ruling on this issue, the Tenth Circuit has recognized that the OCCA's longstanding position that a trial court's admonition usually cures any error is not in conflict with the standard established by federal law. Patton v. Miller, 425 F.3d 788, 800 (10th Cir. 2005). Federal law provides that there is a presumption "that a jury will follow an instruction to disregard inadmissible evidence unless there is an overwhelming probability that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be devastating to the defendant." See Greer v. Miller, 483 U.S. 756, 766 n. 8 (1987). Based upon the facts of this case, the Court agrees that the alleged improper comment by the prosecutor during closing argument was cured by the immediate objection and admonishment given by the trial court to the jury. Furthermore, in light of the evidence presented in this case, the Court finds no reasonable probability that the verdict would have been different without the prosecutor's comment and concludes that the proceedings against Petitioner were not rendered fundamentally unfair by prosecutorial misconduct. Pursuant to § 2254(d), habeas corpus relief on this claim shall be denied.

### 2. Constitutionality of one person line-up (ground 2)

As his second proposition of error, Petitioner alleges that the pre-trial identification procedures were impermissibly suggestive and tainted the in-court identification of Petitioner by the victim. Petitioner summarized the factual basis for his improper identification claim in his direct appeal brief (Dkt. # 5, Ex. A) as follows:

> While at Hillcrest Hospital and without showing a photo or person lineup, the police showed Thoreson only one man to identify as the perpetrator. That man was Cooksey . . . Cooksey was viewed by Thoreson while he was sitting in the back of the police car, handcuffed, in a bath robe, with a spot light shining on him.

See Dkt. # 5, Ex. A at 24-5. Petitioner argues that this type of suggestive pre-trial identification

procedure tainted the later in-court identification by the victim. The OCCA rejected this issue on direct appeal for the following reasons:

> We find in Proposition II that the victim's out-of-court identification of Appellant was sufficiently reliable under the totality of the circumstances and that it did not taint her in-court identification. *See Phillips v. State*, 756 P.2d 604, 609 (Okl.Cr.1988). Even if this Court were to find that the in-court identification was tainted by the one person show-up, relief would not be warranted as the evidence properly admitted against Appellant was so significant that any error in the admission of the in-court identification could be found harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

(Dkt. # 5, Ex. C at 3). Respondent asserts that because the OCCA's rejection of this claim on direct appeal is not contrary to Supreme Court precedent, § 2254(d) prevents the granting of federal habeas relief on this issue. The Court agrees.

A two-tier analysis in used to examine the constitutionality of pre-trial identification procedures. Grubbs v. Hannigan, 982 F.2d 1483, 1489 (10th Cir. 1993). First, the Court must determine whether the procedure was unnecessarily suggestive. Id. (citing Archuleta v. Kerby, 864 F.2d 709, 711 (10th Cir. 1989)). If the procedure is found to be unnecessarily suggestive, the Court "must then weigh the corrupting influence of the suggestive procedure against the reliability of the identification itself." Id. at 1489-90 (citing Manson v. Brathwaite, 432 U.S. 98, 114 (1977)). "[R]eliability is the linchpin in determining the admissibility of identification testimony . . . ." Brathwaite, 432 U.S. at 114. A pre-trial identification procedure does not violate due process unless it is so unnecessarily suggestive that it is "conducive to irreparable mistaken identification." Grubbs, 982 F.2d at 1490 (citing Kirby v. Illinois, 406 U.S. 682, 691 (1972)). In Neil v. Biggers, 409 U.S. 188 (1972), the Supreme Court identified five factors to be considered in determining the reliability of a pre-trial identification. Those factors are:

8

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Biggers, 409 U.S. at 199-200. If the corruptive effect of a suggestive pre-trial identification procedure outweighs the reliability of the identification, then the identification testimony should have been suppressed. Grubbs, 982 F.2d at 1490 (citing Archuleta, 864 F.2d at 711; United States v. Thurston, 771 F.2d 449, 453 (10th Cir. 1985)).

After reviewing the record in the instant case, the Court finds that even if it is assumed, *arguendo*, that the pre-trial identification procedures were impermissibly suggestive, the reliability of the victim's identification outweighed any corruptive influence of the procedures. First, the victim had a reasonable opportunity to view Petitioner at the time of the crime. He did not wear a disguise. She could look both underneath and through the stocking cap he forced her to wear during the attack (Dkt. # 6, Vol. II at 68, 83, 135). Additionally, during her escape she removed the stocking cap and looked directly at Petitioner as he stood next to the car (Id. at 126, 184). Application of the remaining Biggers factors also indicates that there was little likelihood of misidentification. The description of her attacker's jeans and belt matched the clothes worn by Petitioner the evening of the crime. The victim also testified that she identified Petitioner at the time of the show-up lineup because he was the man in the car with her and not because he was the man police had brought to the hospital. Id. at 140. Lastly, the show-up lineup was conducted only hours after the crimes were committed. These considerations lead the Court to conclude that the pre-trial identification by the victim was reliable. As a result, the Court concludes that Petitioner was not deprived of due process as a result of the admission of the pre-trial identification testimony, nor did the pre-trial identification process taint the victim's in-court identification of Petitioner.

Accordingly, because the OCCA's adjudication of Petitioner's claim concerning the identification process, both pre-trial and in-court, was neither contrary to controlling federal law nor an unreasonable determination of the facts presented at trial, the Court finds that pursuant to § 2254(d), Petitioner is not entitled to habeas corpus relief on this ground.

### *3. Double jeopardy (ground 3)*

As his third proposition of error, Petitioner asserts that he was subjected to multiple punishment for one continuing offense in violation of the double jeopardy clauses of the State and Federal Constitutions. The OCCA rejected this claim, citing Mooney v. State, 990 P.2d 875, 883-84 (Okla. Crim. App. 1999), and finding that Petitioner was not "denied his statutory right to be free from multiple punishments under 21 O.S. 1991, §11 or that [his] convictions violated his constitutional right to be free from Double Jeopardy." (Dkt. # 5, Ex. C at 3).

First, the Court finds Petitioner's claim that he has suffered multiple punishments in violation of Oklahoma statutes and the Oklahoma constitution should be denied because it is not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2254(a). Petitioner's multiple punishment claim, insofar as it is based on Oklahoma statutes and the Oklahoma constitution, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

Nor is Petitioner entitled to relief under § 2254(d) on his double jeopardy claim. The Double

Jeopardy Clause protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989). This protection is limited to ensuring "that the sentencing discretion of courts is confined to the limits established by the legislature," for it is the legislature that is vested with "the substantive power to prescribe crimes and determine punishments." Ohio v. Johnson, 467 U.S. 493, 499 (1984). Thus, when a course of criminal conduct violates two statutory provisions, the test to determine whether the punishments are "multiple," in violation of the Double Jeopardy Clause, is "essentially one of legislative intent." Id.; see also Missouri v. Hunter, 459 U.S. 359, 365 (1983). In the absence of clear legislative intent, courts must apply the Blockburger test, which states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

In this case, although each of Petitioner's convictions resulted from a series of acts committed by Petitioner against the victim on July 10, 1998, they are not violative of the Double Jeopardy Clause as events resulting from a single criminal episode – rape, as argued by Petitioner. The crimes of kidnaping, forcible sodomy, rape by instrumentation, attempted rape, assault and battery, attempted anal rape, forcible sodomy, and sexual battery are separate crimes under Oklahoma law. They require proof of distinct facts and elements, even though some of the facts supporting each crime may overlap. See Brown v. Ohio, 432 U.S. 161, 166 (1977) (holding that "[i]f each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes"). Further,

11

Petitioner's convictions on multiple counts of some of the same crimes are not violations of the Double Jeopardy Clause because each count was based upon separate and distinct events. See United States v. Burger, 964 F.2d 1065, 1074 (10th Cir. 1992). Even though the crimes were closely related in time, the state court's determination that they constituted more than one offense for double jeopardy purposes should be given deference. Thomas v. Kerby, 44 F.3d 884, 887 (10th Cir. 1995). Therefore, the Court finds that the OCCA's rejection of this claim was not an unreasonable application of federal law as determined by the Supreme Court. Petitioner is not entitled to relief under 28 U.S.C. § 2254(d) on this claim.

**C. Procedural Bar (grounds 4 and 5)**

Petitioner alleges in his fourth ground for relief that the evidence used against him at trial was tainted because the chain of custody was violated. In his fifth ground, Petitioner claims he did not have the effective assistance of trial and appellate counsel. The issues raised in Petitioner's fourth and fifth grounds were not presented to the OCCA on direct appeal. Petitioner presented ground 4 and his ineffective assistance of trial counsel claim to the state courts for the first time in his post-conviction proceedings. However, Petitioner has not presented a separate claim of ineffective assistance of appellate counsel to the OCCA.[1] In denying relief on procedural bar grounds, the state district court found that Petitioner's claims could have been raised on direct

---

[1] In denying post-conviction relief based on Petitioner's procedural default, the state district court stated, "Therefore, the court finds these allegations of error procedurally barred even though the Petitioner claims his attorney was ineffective for failing to raise them on his direct appeal." See Dkt. #5, Ex. D at 3. Thus, it appears Petitioner may have raised a claim of ineffective assistance of appellate counsel in his application for post-conviction relief, which is not a part of the record in this case. However, the record does contain the petition-in-error filed by Petitioner on post-conviction appeal. See id., Ex. E. There is no separate claim of ineffective assistance of appellate counsel identified in that pleading. Furthermore, in affirming the denial of post-conviction relief, the OCCA made no mention of a claim of ineffective assistance of appellate counsel. See id., Ex. F. As a result, Petitioner defaulted his claim of ineffective assistance of appellate counsel by failing to raise it on post-conviction appeal.

appeal, but were not (Dkt. # 5, Ex. D at 3).  The OCCA affirmed the denial of relief on procedural grounds, finding that Petitioner offered "no adequate explanation for his failure to raise, on direct appeal, the issues presented in his application for post conviction relief." See Dkt. # 5, Ex. F at 3. In response to the petition, Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to Petitioner's fourth and fifth claims. The Court agrees with Respondent that Petitioner's claims 4 and 5 are procedurally barred.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law."  Maes, 46 F.3d at 985.  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'"  Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's fourth and fifth claims, challenging the chain of custody proof for trial evidence and the effectiveness of Petitioner's trial counsel, are procedurally barred. The OCCA's procedural bar based on Petitioner's failure to raise the claims in a direct appeal is an "independent" state ground because it "was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985.  Additionally, as to Petitioner's challenge to the chain of custody, the procedural bar was based on an "adequate" state

ground sufficient to bar the claims. The OCCA routinely bars claims that could have been but were not raised on appeal.

As to the adequacy of the procedural bar imposed on Petitioner's claim of ineffective assistance of trial counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). The Tenth Circuit explicitly narrowed the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally in English v. Cody, 146 F.3d 1257 (10th Cir. 1998). In English, the circuit court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

After reviewing the record in the instant case in light of the factors identified in English, the Court concludes that the procedural bar imposed by the state courts on Petitioner's ineffective assistance of trial counsel claim is based on grounds adequate to preclude federal habeas review. Petitioner was represented at trial by attorney Allen Malone. On appeal, Petitioner was represented by Bill Zuhdi. For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel at trial and on appeal. The second

14

English factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. Id. at 1263-64. Even if Petitioner's claims in this case could not all be resolved on the trial record alone, Petitioner has not alleged that the Oklahoma remand procedure, as provided by Rule 3.11 of the *Rules of the Oklahoma Court of Criminal Appeals*, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). Although Respondent has alleged an independent and adequate procedural bar, Petitioner has not put the adequacy of Oklahoma's remand procedure at issue. As a result, he cannot demonstrate that Oklahoma's procedural bar is inadequate and his claim of ineffective assistance of trial counsel is procedurally barred.

Because of Petitioner's procedural default, this Court may not consider the claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of

which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In this case, Petitioner makes a general statement in his petition that "both trial and appeal attorney failed to present evidence and witnesses and raise issues which could have changed the verdict of the jury and changed the ruling of the Appellate Court." (Dkt. #1 at 9). In his reply to Respondent's response, Petitioner argues against a procedural bar because he "had absolutely no input as to what was or was not incorporated into the direct appeal." (Dkt. # 7 at 6). The Court will construe Petitioner's statements liberally and interpret them as an argument that Petitioner's appellate counsel was the cause for his procedural default. It is well established that in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. Carrier, 477 U.S. at 488-89. However, the assistance provided by appellate counsel must rise to the level of a constitutional violation. Id. Furthermore, the ineffective assistance of appellate counsel claim asserted as "cause" must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489. In this case, the claims identified by Petitioner on post-conviction appeal did not include a claim that appellate counsel provided ineffective assistance in failing to raise the challenge to the chain of custody and the claim of ineffective assistance of trial counsel on direct appeal. See Dkt. # 5, Ex. E.  Therefore, Petitioner's claim that appellate counsel provided ineffective assistance in failing to raise those claims is unexhausted and may not serve as "cause" to overcome the procedural bar. See Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). Petitioner does not offer an explanation for failing to assert that appellate counsel provided ineffective assistance in failing to raise his claim of ineffective assistance of trial counsel and his challenge to the chain of custody and has not demonstrated cause and prejudice for the procedural default of his ineffective assistance of appellate counsel claim. As

a result, the Court concludes Petitioner has failed to demonstrate cause sufficient to excuse the procedural default of his claim of ineffective assistance of appellate counsel, as well as his claim of ineffective assistance of trial counsel and his challenge to the chain of custody.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Snaffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Although Petitioner asserts that he is actually innocent of the crimes for which he was found guilty, he has presented no new evidence in support of this assertion. As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result, the Court concludes that it is procedurally barred from considering the merits of Petitioner's fourth and fifth grounds. Coleman v. Thompson, 510 U.S. 722, 724 (1991). Habeas corpus relief on those grounds shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

SO ORDERED THIS 8th DAY of JUNE, 2006.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT